## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

-------------------------------------------------------------X

BYRON BREEZE, JR., an individual,                    CASE NO.:  1:22-cv-810
c/o Bashian & Papantoniou, P.C.
500 Old Country Road, Suite 302
Garden City, New York 11530

        Plaintiff,

            v.

801 RESTAURANT LLC,
d/b/a 801 RESTAURANT & BAR
1319 Connecticut Avenue NW
Washington, DC 20036

LEON SCALES,
7420 Piney Branch Rd.
Takoma Park, MD 20912-4206

and

ARNETTA SCALES,
7420 Piney Branch Rd.
Takoma Park, MD 20912-4206

        Defendants.

-------------------------------------------------------------X

## <u>COMPLAINT</u>

Plaintiff, BYRON BREEZE, JR. by and through undersigned counsel, and pursuant to the

Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations and governing

legal authorities, hereby files this Complaint and sues defendants 801 RESTAURANT LLC, d/b/a

801 Restaurant & Bar, LEON SCALES and ARNETTA SCALES (collectively, hereinafter the

"Defendants") for injunctive relief, attorney's fees and costs, including but not limited to

disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq*. (hereinafter

"AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines

28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the District of Columbia Human Rights Act, D.C. Code § 2-1401.0 *et seq.* ("DCHRA"), and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction over Plaintiff's DCHRA claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

2.      Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 (B) in that the transaction or occurrence giving rise to this lawsuit occurred in the District of Columbia.

3.      The remedies provided by the DCHRA against discrimination are not exclusive and such administrative remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.

## THE PARTIES

4.      At all times material hereto, Plaintiff, BYRON BREEZE, JR., was and is over the age of 18 years, sui juris, and is a resident of Hyattsville, Maryland[1].

5.      That, Plaintiff suffers from what constitutes a "qualified disability" under Title III of the ADA; Plaintiff was born without legs or complete hands, and uses a wheelchair for mobility. Plaintiff also has a physical disability within the meaning of the laws of the District of Columbia.

---

[1] Plaintiff's residence is approximately 8 miles driving distance from the Subject Facility.

6.      The Defendants, 801 RESTAURANT LLC, d/b/a 801 Restaurant & Bar ("801 RETAURANT"), LEON SCALES and ARNETTA SCALES, are authorized to conduct, and are conducting business within the District of Columbia.

7.      Upon information and belief, 801 RESTAURANT LLC, is a domestic company authorized to do business in the District of Columbia, and is the lessee and/or operator of the real property, and the owner of the improvements where the facility, commonly referred to as 801 Restaurant & Bar, is located and is the subject of this lawsuit (hereinafter the "Subject Facility"). The Subject Facility is located at 801 Florida Ave NW, Washington, DC 20001 (hereinafter and heretofore referred to as the Property"). Defendant 801 RESTAURANT maintains and controls the Subject Facility.

8.      Upon information and belief, LEON SCALES and ARNETTA SCALES are individuals that conduct business in the District of Columbia, and are the owners, lessors and/or operators of the real property, where the Subject Facility is located which is the subject of this lawsuit, the facility commonly referred to as 801 Restaurant & Bar.  The Subject Facility is located at Defendants' Property, and LEON SCALES and ARNETTA SCALES also maintain and control the Subject Facility. The Subject Facility is a place of "public accommodation" as that term is defined under the ADA; specifically, the Subject Facility is operated as a restaurant.

9.      Prior to the commencement of this action, Plaintiff personally visited the Property on multiple occasions with the intention of using the Subject Facility.  Despite this, on multiple occasions, Plaintiff was denied full access to, and full enjoyment of the facilities at the Property and the Subject Facility, and/or any accommodations offered to the public therein in that Plaintiff was restricted and limited by his disabilities, and therefore suffered an injury in fact. That, in or around February, 2021, Plaintiff attempted to visit the Subject Facility to have a late lunch.

3

However, when Plaintiff arrived at the Subject Facility, he encountered barriers that prevented him from entering the Restaurant. Specifically, Plaintiff was denied access into the Subject Facility due to two steps that existed at the main entrance of the restaurant.   That, Plaintiff continued to desire to visit the Property and/or the Subject Facility, and again returned in or around the winter months of 2022, but encountered the same barriers that were present in February, 2021.  That, Plaintiff desires to eat at the Subject Facility because of its reputation for having a diverse American fare menu, and it is close driving distance to the Plaintiff's residence. That, Plaintiff intends to visit and return to the Property and/or Subject Facility in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers existing at the Subject Facility, all in violation of the ADA, ADAAG and DCHRA.

10.     That all events giving rise to the instant action occurred in the District of Columbia. Venue is proper in the United States District Court District of Columbia in that the Defendants' Property and Subject Facility are located in the District of Columbia.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

11.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

12.     On or about July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

13.     Congress specifically found, inter alia, that:

a.   Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

4

b.  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.  Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities

d.  Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services; and,

e.  The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

14.  Congress explicitly set forth the purpose of the ADA; to wit:

(i)  Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

15.    The congressional legislation provided commercial enterprises with a period of one and a half years from the enactment of the statute to implement the requirements imposed under the ADA.

16.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).

17.    Pursuant to 42 U.S.C. §1281(7) and 28 C.F.R. §36.104, the Subject Facility, which is subject to this action is a public accommodation because it provides good and services to the public.

18.    Upon information and belief, the Subject Facility has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

19.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA.

20.    Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).

21.    The Defendants' Property and Subject Facility is legally required to be, but is not, in compliance with the ADA and/or ADAAG.

22.     The Defendants' Property and Subject Facility are in violation under the ADA, 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et. seq. in that the Defendants are discriminating against the Plaintiff, as a result of the following specific violations, which include, but are not limited to, the following:

1.   Inaccessible entrance.

    i.   Accessible route to the establishment is not provided as required.

    ii.   Accessible means of egress is not provided as required.

    iii.   The first of the two entrances is inaccessible.

        a.   The existing steps at the first of the two entrances acts as a barrier to accessibility.

        b.   The required ramp is not provided for the steps at the entrance.

        c.   The required minimum maneuvering clearance is not provided at the door of the entrance.

        d.   Non-compliant change in floor level within the required maneuvering clearance at the door of the entrance.

    iv.   The second of the two entrances is inaccessible.

        a.   The existing step at the entrance acts as a barrier to accessibility.

        b.   The required ramp is not provided at the step of the entrance.

        c.   The required minimum maneuvering clearance is not provided at the door of the entrance.

        d.   Non-compliant change in floor level within the required maneuvering clearance at the door.

2.   Inaccessible dining tables located at the main floor.

   i.    The required minimum knee and toe clearance is not provided at dining tables.

   ii.   The minimum percentage of existing dining tables that are required to be accessible are not provided.

3.  Inaccessible restroom located at the main floor.

   i.    Compliant signage identifying the restroom not provided as required.

   ii.   The minimum maneuvering clearance is not provided at the door of the restroom.

   iii.  Non-compliant door swing of the door.

   iv.  The restroom door swings into the floor space of the fixtures within the restroom located at the main floor.

   v.   The required minimum turning space is not provided in the restroom.

   vi.  Inaccessible water closet.

        a.  The required minimum clearance is not provided at the water closet.

        b.  The required grab bars are not provided on the rear and side walls of the water closet.

   vii.  Inaccessible mirror.

        a.  Non-compliant mounted height of the mirror in the restroom exceeds the maximum height allowance.

   viii.  Inaccessible lavatory.

        a.  The required minimum knee and toe clearance is not provided at the lavatory in the restroom.

        b.  The required insulation of pipes and water lines under the lavatory is not provided.

4. Inaccessible dining area located on the second floor.

    i. Accessible route to the dining area is not provided as required.

    ii. The existing stairs at the travel path leading to the dining area acts as a barrier to accessibility.

    iii. Non-complaint existing handrails at the stairs leading to the dining area.

    iv. The handrail extensions are not provided as required at the stairs leading to the dining area.

5. Inaccessible dining tables located at the second floor.

    i. The required minimum knee and toe clearance is not provided at the dining tables.

    ii. A minimum percentage of existing dining tables required to be accessible is not provided.

6. Inaccessible bar located at the second floor.

    i. Non-compliant height of the bar exceeds the maximum height allowance.

    ii. The required minimum knee and toe clearance is not provided at the bar.

    iii. The portion of the bar that is required to be accessible is not provided.

7. Inaccessible rooftop dining area.

    i. Accessible route to the rooftop dining area is not provided as required.

    ii. The existing stairs at the travel path leading to the dining area acts as a barrier to accessibility.

    iii. The required handrails are not provided at both sides of the stairs leading to the dining area.

   iv.   Non-compliant existing handrail at one side of the stairs leading to the dining area.

   v.   The required handrail extensions are not provided at the existing handrail at one side of the stairs leading to the dining area.

8.   Inaccessible dining tables located at the rooftop dining area.

   i.   Non-compliant height of the dining tables exceeds the maximum height allowance.

   ii.   The required minimum knee and toe clearance is not provided at the dining tables.

   iii.   A minimum percentage of existing tables that are required to be accessible are not provided.

9.   Inaccessible bar located at the rooftop dining area.

   i.   Non-compliant height of the bar located at the rooftop dining area exceeds the maximum height allowance.

   ii.   The required minimum knee and toe clearance is not provided at the bar.

   iii.   The portion of the bar that is required to be accessible is not provided.

23.   Plaintiff has attempted to access the Property and Subject Facility, but has been precluded from accessing the Property and Subject Facility, because of his disabilities; specifically, Plaintiff was precluded by physical barriers to access, dangerous conditions, and ADA violations existing upon the Property and Subject Facility. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff from accessing the Property and Subject Facility, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

10

24.     Remediating the ADA and/or ADAAG violations set forth herein is both technically feasible and readily achievable.

25.     Plaintiff intends to visit the Property and Subject Facility, again in the future (immediately upon Defendants' compliance with an Order of this Court requiring that Defendants remedy the subject ADA and/or ADAAG violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Defendants' Property and Subject Facility; however, in light of his disability, unless and until the Property and Subject Facility, is brought into compliance with the ADA and/or ADAAG, Plaintiff will remain unable to fully, properly, and safely access the  Property and Subject Facility, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

26.     As a result of the foregoing, Defendants have discriminated against, and continue to discriminate against the Plaintiff, and others similarly situated, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property and/or Subject Facility.   Defendants' discrimination is specifically prohibited by 42 U.S.C. § 12182, et seq.

27.     Moreover, Defendants will continue to discriminate against Plaintiff, and others similarly situated, until it is compelled by this Court to remove all physical barriers upon the Property and Subject Facility, which violate the ADA and/or ADAAG, including but not limited to those specifically set forth herein, and to make the Property and Subject Facility, accessible to and usable by persons with disabilities, including Plaintiff.

28.     Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, ADA and/or ADAAG

violations that exist upon the Property and Subject Facility, including but not limited to those set forth herein.

29.    This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the Property and Subject Facility, so as to make readily accessible to and useable by individuals with disabilities, including but not limited to Plaintiff to the extent required by ADA and/or ADAAG.

30.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable against the Defendants.

### COUNT II
### VIOLATIONS OF THE DCHRA

31.    Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

32.    The DCHRA provides:

It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based on the actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, genetic information, disability, matriculation, political affiliation, source of income, or place of residence or business of any individual: to deny, direct or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations....

33.    The Property and Subject Facility is a place of public accommodation as defined by the DCHRA.

34.    Plaintiff visited the Property and Subject Facility and encountered architectural barriers as described herein.

35.     By maintaining architectural barriers that discriminate against people with disabilities through the actions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at the Defendants' Property and Subject Facility.

36.      Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to D.C. Code § 2-1401.0 et seq., and all relief provided for thereunder.

## ATTORNEYS' FEES AND COSTS

40.     Plaintiff has been obligated to retain the undersigned attorneys for purposes of filing and prosecuting this lawsuit.  Pursuant to the ADA and DCHRA, Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants.

## DAMAGES

41.     Plaintiff demands compensatory damages in the form of a judgment to be determined at trial based on Defendants' violation of the DCHRA.

## INJUNCTIVE RELIEF

43.     Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA, ADAAG and DCHRA.

44.     Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Property and Subject Facility so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, ADAAG and DCHRA, and closing the facilities until the requisite modifications are complete.

45.     Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation, their policies, business practices, operations and procedures.

46.     Injunctive relief is also necessary to make the Subject Premises readily accessible and useable by Plaintiff in accordance with the ADA, ADAAG and DCHRA.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants, jointly and severally, and requests the following injunctive and declaratory relief:

a)      A declaration that the Defendants' Property and Subject Facility owned, leased, operated, controlled and/or administrative by Defendants are in violation of the ADA, ADAAG and DCHRA;

b)      An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures to Defendants' Property and the Subject Facility;

c)      An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, ADAAG and DCHRA;

d)      An Order issuing a permanent injunction ordering Defendants to close the Subject Premises and cease all business until Defendants remove all violations under the ADA, ADAAG and DCHRA, including but not limited to the violations set forth herein;

e)      An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

f)      For such other and further relief that this Court deems just, necessary and proper.

DATED this 22nd day of March, 2022.

BASHIAN & PAPANTONIOU, P.C.
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:    (516) 279-1554
Fax:    (516) 213-0339

By: */s/ Erik M. Bashian, Esq.*
ERIK M. BASHIAN, ESQ.
D.C. Bar No. 1657407
eb@bashpaplaw.com

## VERIFICATION

BYRON BREEZE, hereby verifies and says that I am the Plaintiff in the above-captioned case. I have reviewed the allegation and they are true and correct to the best of my knowledge, information, and belief.

Dated: March 22, 2022

Byron Breeze